1
2
3
4
5              **UNITED STATES DISTRICT COURT**
6                     **DISTRICT OF NEVADA**
7                            * * *
8    WELLS FARGO BANK, NATIONAL            Case No. 2:16-cv-02740-RFB-BNW
     ASSOCIATION
9                                                **ORDER**
                                Plaintiff,
10
11        v.
12   VILLA SEDOA COMMUNITY
     ORGANIZATION *et al*.,
13
14                             Defendants.
15   **I.      INTRODUCTION**
16        Before the Court are Defendant SFR Investments Pool 1 LLC's ("SFR") Motion for
17
     Summary Judgment and Plaintiff Wells Fargo Bank, National Association's ("Wells Fargo")
18
     Motion for Summary Judgment. ECF Nos. 78, 79. For the following reasons, the Court grants
19
20   Defendant's Motion for Summary Judgment.

21   **II.     PROCEDURAL BACKGROUND**
22
          Wells Fargo began this case by filing a complaint against Defendants on November 30,
23
24   2016. ECF No. 1. The complaint sought declaratory relief that a HOA nonjudicial foreclosure sale
25   conducted under Chapter 16 of the Nevada Revised Statutes ("NRS") in 2012 did not extinguish a
26   deed of trust it held on a Las Vegas property. Id. On January 30, 2017, SFR filed an Answer and
27   asserted cross and counter claims. ECF No. 19. This case was stayed from June 12, 2017 to April
28   10, 2019. ECF Nos. 40, 46. On April 24, 2019, Wells Fargo filed an Answer to SFR's counter-

claims and asserted affirmative defenses. ECF No. 54. This case was stayed again from October 17, 2019 to June 1, 2020. ECF Nos. 75, 77. On July 1, 2020, SFR  filed a motion for summary judgment. ECF No. 78. On July 22, 2020, Plaintiff filed a response and Defendants filed a reply on August 5, 2020. ECF Nos. 80, 82. On July 1, 2020, Plaintiff filed a motion for summary judgment. ECF No. 79. Defendants filed a response on July 22, 2020 and Plaintiff filed a reply on August 5, 2020. ECF Nos. 81, 84. On March 10, 2021, this Court held a hearing regarding both motions. ECF No. 85.

### III.    FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts. [1]

#### a.  Undisputed facts

In 2005 Jason Martino financed the property located at 2284 Crooked Creek Avenue, Las Vegas, Nevada 89123 with a $239,200.00 loan, secured by a deed of trust naming Mortgage Electronic Registration Systems, Inc. (MERS) as the original beneficiary. MERS assigned the deed of trust to Wells Fargo in 2011. The property sits within a Homeowners Association, the Villa Sedona Community Organization ("Villa Sedona"). Villa Sedona initiated foreclosure and recorded a notice of delinquent assessment lien on November 29, 2011, a notice of default on March 7, 2012, and a notice of foreclosure sale on August 23, 2012.

On April  2, 2012, after Villa Sedona recorded its notice of default but before it proceeded to sale, Miles, Bauer, Bergstrom & Winters ("Miles Bauer") as counsel for Bank of America ,Wells Fargo's former loan servicer, sent a letter to Nevada Association Services ("NAS") requesting the superpriority amount for the property. Villa Sedona refused to provide a ledger or other

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure sale.  Fed. R. Evid. 201 (b), (d). Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

information from which the superpriority amount could be calculated; therefore, Bank of America did not tender the superpriority amount. On March 7, 2012, Villa Sedona foreclosed on the property and sold it to SFR for $7,400.00.

### b. Disputed Facts

The parties dispute the legal effect of the facts.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.  Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).  If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).  It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage.  Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

### a. Statute of Limitations

SFR argues, and this Court agrees, that Wells Fargo's claims against it are time-barred. For statute of limitations calculations, time is computed from the day the cause of action accrued.

1

2

3

4

5

Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The foreclosure sale at issue in this matter occurred on March 7, 2012. The Court finds that this is the date upon which all of Wells Fargo's claims regarding the invalidity of the foreclosure sale arose. The complaint was filed on November 30, 2016, just over four years later.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

The Court finds that, to the extent Wells Fargo's pleading relates to any alleged violation of a right protected by statute, Wells Fargo's claims carry a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. See Carrington Mortg Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n, 381 F. Supp.3d 1289, (D. Nev. 2019) reconsidered in part on other grounds in Carrington Mortg. Servs., LLC v Tapestry at Town Ctr. Homeowners Ass'n, No. 2:17-cv-01047-RFB-BNW, 2020 WL 1434278 (D. Nev. Mar. 24, 2020). Therefore, Wells Fargo second and third causes of action for breach of NRS 116.1113 are foreclosed. To the extent Wells Fargo seeks relief based on alleged unconstitutionality or on equitable grounds, Wells Fargo's claims fall within the four-year catch-all provision at NRS 11.220. Those claims are also untimely as Wells Fargo filed its complaint more than four years after the foreclosure sale occurred. The Court therefore finds that all of Plaintiff's claims are time-barred as to SFR. [2]

20

### b. Affirmative Defenses

21

22

23

24

25

Plaintiff argues that while its' claims for relief are subject to statute of limitations period, its' legal defenses are not. Therefore, because Wells Fargo pleaded futility of tender, due process violations, and unfair sale as affirmative defenses in response to SFR's counterclaims, SFR still has the burden to prove free and clear title, which it fails to do. This Court disagrees.

26

27

28

---

[2] Because this Court finds that all of Plaintiff's claims are time-barred, this Court does not need to address the rest of Plaintiff's summary judgment arguments regarding tender, unfair and inadequate, and due process.

The Court finds that there is no legal distinction between preserving an affirmative defense as it relates to property interest and preserving a claim with regards to declaratory judgment action. See City of Saint Paul, Alaska v. Evans, 344 F.3d 1029, 1035-36 (9th Cir. 2003) (barring City's defense under statute of limitations because defenses were "mirror images of time-barred claims"). Also, Nevada law establishes the presumption that an HOA sale is properly conducted. See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 646 (2017). Because Wells Fargo did not raise any timely claims regarding a defect in the foreclosure sale, SFR did not need to take any further action to assert its superior claims to the property. Plaintiff fails to overcome a presumption in the validity of the property; thus, SFR took the title to the property free and clear of  the deed of trust and the Court finds that Plaintiff's affirmative defenses fail.

As it is undisputed that Plaintiff's claims and affirmative defenses are time-barred, the Court finds that the foreclosure sale extinguished Wells Fargo's deed of trust; therefore, this Court grants SFR's motion for summary judgment.

///

///

///

///

///

///

///

///

///

## VI.    CONCLUSION

**IT IS ORDERED** that Defendant SFR Investments Pool 1 LLC's Motion for Summary Judgment (ECF No. 78) is GRANTED. The Court quiets title and declares that the HOA foreclosure sale extinguished Plaintiff Wells Fargo Bank, National Association's deed of trust on the property.

**IT IS FURTHER ORDERED** that Plaintiff Wells Fargo Bank, National Association's Motion for Partial Summary Judgment (ECF No. 79) is DENIED.

**IT IS FURTHER ORDERED** that the Lis Pendens filed in this case (ECF Nos. 3, 22) are expunged.

The Clerk of the Court is instructed to close the case and enter judgment accordingly.


DATED: March 30, 2021.


_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**